United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHARLES THORNTON,

Defendant.

Case No.: CR-13-71045-MAG-1 (KAW)

DETENTION ORDER

## I. BACKGROUND INFORMATION

Defendant Charles Thornton is charged by indictment with violations of 18 U.S.C. §§ 2, 371 (conspiracy to make false statements in connection with the acquisition of firearms); 18 U.S.C. § 922(a)(6) (false statements in connection with the acquisition of firearms); and 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition). On September 3, 2013 the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study and recommended that Defendant be detained. On September 6, 2013, the court conducted a detention hearing. Defendant was present, in custody, and represented by Assistant Federal Public Defender Joyce Leavitt. Assistant United States Attorney Aaron Wegner appeared on behalf of the Government. For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain

out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The indictment charges that on or about September 22, 2008, Defendant conspired with other individuals to acquire firearms and to knowingly and intentionally make a false statement intended or likely to deceive a federally licensed firearms dealer as to a fact material to the

DETENTION ORDER
CR-13-71045-MAG-1 (KAW)               2

lawfulness of such acquisition of firearms. The indictment also charges that Defendant, having been previously convicted of a felony, knowingly and unlawfully possessed the following firearms: an Ingram 9mm pistol, serial number S450592; a Taurus .45 caliber pistol, serial number NXD68161; a Springfield 9mm pistol, serial number US803362; a Hi-Point .45 caliber pistol, serial number 494044; a Hi-Point .40 caliber pistol, serial number X773795; a Hi Point .40 caliber pistol, serial number X773794; a Hi-Point 9mm pistol, serial number P1423699; and a Glock 9mm pistol, serial number KTN145.

**A. The Nature and Circumstances of the Offense and Weight of the Evidence**

Defendant is charged with conspiracy to make false statements in connection with the acquisition of firearms, making false statements in connection with the acquisition of firearms, and being a felon in possession of a firearm and ammunition. While these offenses do not give rise to a rebuttable presumption of detention, Defendant has a criminal history, dating back to 1993, of weapons and drug charges, including multiple drug-related felony convictions for possession of marijuana for sale, unlawful delivery of methamphetamine, and possession/purchase of cocaine base for sale. Defendant's most recent felony convictions occurred in 2009 (unlawful delivery of methamphetamine) and 2012 (possession/purchase of cocaine base for sale).

As to the weight of the evidence, while this is the least important factor, the record in this case weighs in favor of detention. The indictment charging Defendant contains a number of detailed allegations as to the overt acts constituting the target offenses and Defendant's specific involvement in the alleged conduct.

**B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community**

Defendant is 38 years old and living with his parents in Oakland, California. He graduated from Dewey High School in Oakland, California. Defendant also completed training for heating, ventilation, and air conditioning services in Modesto, California and Soladis, California. He has been currently employed as a part-time in-house care provider since 2003. Prior to 2003, Defendant worked as a construction worker for New Phase II Construction in

Pleasanton, California from 1999 to 2000 and a forklift and warehouse employee for Millwrights Union in Pleasanton, California from 1996 to 1997. Defendant refused to answer questions about his substance use. His mother reported that Defendant occasionally consumes alcohol and that he may use illicit substances, but that she was unaware of additional information.

Defendant's first felony conviction dates back to 1998. The underlying offense was possession of marijuana for sale. Defendant was sentenced to one year formal probation. Defendant's probation was revoked in 1998, 1999, and 2000. In 2000, Defendant was sentenced to two years in prison and entered the custody of the California Department of Corrections in May 2000. In 2001, Defendant was convicted for possession/purchase of cocaine base for sale, a felony. He was sentenced to two years in prison and entered the custody of the California Department of Corrections in March 2001. In 2008, Defendant was convicted of unlawful delivery of methamphetamine, a felony. He was sentenced to three years probation, 30 days in jail, and a fine. In 2011, Defendant was again convicted for possession/purchase of cocaine base for sale. He was sentenced to five years probation and 270 days in jail. His probation was revoked in April 2013 and subsequently reinstated in August 2013. In addition, Defendant has four active felony bench warrants with bail revoked status pending against him.

Defendant has an extensive criminal history consisting of drug- and weapon-related offenses. He also has numerous probation revocations on his record. Moreover, Defendant was on probation at the time of the newly alleged offense, which further shows that he is not amenable to community supervision. On these grounds, the court finds that no combination of release conditions exists to mitigate Defendant's risk of danger to the community.

**C.  Risk of Nonappearance**

Factors that indicate Defendant poses a risk of nonappearance include, as described above, his numerous probation violations, the four felony bench warrants with bail revoked status pending against him, and his unknown illicit drug use. In addition, while his mother was willing to post her property were Defendant released on bond, she indicated that she was unwilling to serve as a third-party custodian as she would be unaware if Defendant did anything he was not allowed to do. There is no other person willing to act as a custodian for Defendant at this time.

Mitigating factors include his familial ties to the district, his lack of international travel, and his apparent lack of any mental health issues.

While Defendant's mother is willing to post her property and act as a surety, Defendant has a propensity to violate probation by committing new drug-related offenses. Defendant also has four outstanding felony bench warrants with bail revoked status. For these reasons, it is unlikely that a bond, even if secured by his mother's property, would provide Defendant with sufficient moral suasion to abide by the conditions of pretrial release.

### III.  CONCLUSION

In light of Defendant's criminal history, the nature of the instant offense, and the weight of the evidence, the Court finds that Defendant presents a danger to the community and a risk of nonappearance, and that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: September 10, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge